STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF VAN BUREN

BRAIN RAJZER,

    Plaintiff,

vs.

API OUTDOORS, INC., a Louisiana corporation,
API OUTDOORS, A DIVISION OF OUTLAND
SPORTS, a foreign corporation, OUTLAND
SPORTS, INC., a foreign corporation, and PAUL
MEEKS, an individual, jointly and severally,

    Defendants.

Case No. 01-49-884-NO-B

Hon: _____

_____/

PAUL A. ROSEN (P19630)
Rosen & Lovell, P.C.
Attorney for Plaintiff
25505 W. Twelve Mile Rd., #1000
Southfield, MI 48034
(248) 213-2910

> A prior action is currently pending between two of the parties to this action arising, in part, out of the same transaction and occurrence as alleged in the complaint pending in this court.

## COMPLAINT AND JURY DEMAND
## PLEADING DIRECTLY AND IN THE ALTERNATIVE,
## AS PROVIDED BY MCR 2.111(A)(2)(a)(b)

Plaintiff Brian Rajzer, by his undersigned counsel, states as follows for his Complaint against Defendants API Outdoors, a Division of Outland Sports, and Outland Sports, Inc.:

    1.    Plaintiff Brian Rajzer is a resident of the County of Van Buren.

2. Defendant API Outdoors, Inc. ("API Outdoors"), is a corporation organized and existing by virtue of the laws of the State of Louisiana, and is duly licensed to conduct business within the State of Michigan pursuant to authority granted to it.

3. Upon information and belief, Defendant API Outdoors, a Division of Outland Sports is a corporation organized and existing by virtue of the laws of the State of Kansas and/or has its principal place of business in Kansas or Louisiana, and is duly licensed to conduct business within the State of Michigan pursuant to authority granted to it.

4. Upon information and belief, Defendant Outland Sports is a corporation organized and existing by virtue of the laws of the State of Kansas and/or has its principal place of business in Kansas or Louisiana, and is duly licensed to conduct business within the State of Michigan pursuant to authority granted to it.

5. Defendant Paul Meeks ("Meeks") is a resident of the State of Louisiana, and the President of API Outdoors. At all time herein, Meeks conducted business through API Outdoors in the State of Michigan.

6. The amount in controversy, exclusive of interest and costs, is in excess of Twenty Five Thousand Dollars ($25,000.00), and jurisdiction in the Circuit Court for the County of Van Buren is otherwise appropriate.

## GENERAL ALLEGATIONS

7. On August 24, 1996, Plaintiff Brian Rajzer, a minor, was injured while using a tree stand and "safety" belt manufactured by Defendant API Outdoors.

8. Plaintiff timely filed a tort action against API Outdoors in the Circuit Court for the County of Van Buren on August 4, 1999, Case No. 99-450868-NOB, seeking damages for Plaintiff's injuries ("API Outdoors I"). This matter is currently pending before the court.

9. API Outdoors answered Plaintiff's Complaint in <u>API Outdoors I</u> on September 22, 1999, admitting that it was a Louisiana corporation doing business in Michigan, and that it manufactured the tree stand that caused Plaintiff's injury.

10. During the course of discovery in <u>API Outdoors I</u>, Plaintiff deposed the sole owner and President of API Outdoors, Defendant Paul Meeks. The deposition took place on November 30, 2000.

11. During the deposition, Meeks testified that on November 5, 1999, he sold API Outdoors to Outland Sports, a Kansas corporation.

12. Meeks further admitted that after the sale, API Outdoors continued doing business as API Outdoors.

13. At all times after the sale, API Outdoors continued to manufacture tree stands and "safety" belts for sale to consumers.

14. API Outdoors continues to operate from its pre-sale location, Meeks continues to act as the company's President, and in all substantial respects, API Outdoors functions as it did before November 1999.

15. Following Meeks' deposition on November 30, 2000, and during the course of prosecuting <u>API Outdoors I</u>, Plaintiff discovered that Meeks' testimony regarding his sale of API Outdoors to Outland Sports was less than complete.

16. In particular, Plaintiff learned from counsel for API Outdoors in late October and early November 2001, that instead of Meeks selling his stock to Outland Sports, in fact, it was API Outdoors that allegedly sold its assets to Outland Sports, retained all liabilities, and apparently left a shell.

17. If the representations above are correct, API Outdoors' inability to satisfy a judgment in favor of Plaintiff in <u>API Outdoors I</u> is solely the result of API Outdoors' selling its assets to Outland Sports in November of 1999 while retaining its liabilities, rather than Meeks selling his stock or otherwise disposing of the company as initially represented.

18. Plaintiff has requested specific information from API Outdoors regarding its corporate relationship with Outland Sports but such information has not been provided to Plaintiff.

19. The injuries sustained by Plaintiff through API Outdoors tort exceeds the limits of insurance maintained by API Outdoors.

## COUNT I
## FRAUDULENT CONVEYANCE IN VIOLATION OF
## LSA-CC ART. 2036

20. Plaintiff re-states and realleges the allegations in Paragraphs 1-19 as if fully set forth herein.

21. API Outdoors was solvent at the time of its sale to Outland Sports.

22. Consequently, but for the sale of API Outdoors' assets through Meeks to Outland Sports, API Outdoors would have had sufficient assets to pay any judgment rendered in favor of Plaintiff in <u>API Outdoors I</u>.

23. The sale of API Outdoors' assets to Outland Sports occurred after Plaintiff sustained injury while using a product manufactured by API Outdoors, and after Plaintiff filed suit against API Outdoors seeking damages for injuries he suffered as a result of defects in API Outdoors' product.

4

24. After the sale, API Outdoors and/or Meeks failed to properly distribute its assets to its creditors and/or failed to preserve sufficient assets to pay claims existing at the time of the sale.

25. Because API Outdoors and/or Meeks had knowledge of Plaintiff's claim and failed to preserve assets sufficient to satisfy any judgment rendered against it after the sale, the assert sale, which rendered API Outdoors insolvent, was undertaken with intent to defraud Plaintiff and/or other creditors of API Outdoors.

26. The asset sale therefore did perpetrate a fraud on Plaintiff.

27. Moreover, if a judgment is rendered in Plaintiff's favor in excess of the insurance maintained by API Outdoors, Plaintiff will be severely and unjustly prejudiced.

28. Defendants conduct with respect to the sale of API Outdoors to Outland Sports is thus in violation of LSA-CC Art. 2036.

29. Consequently, all assets of API Outdoors which were sold or transferred to Outland Sports should be used to satisfy any judgment rendered in Plaintiff's favor in <u>API Outdoors I</u>, and the transfer of assets between API Outdoors and Outland Sports should be annulled, and/or Meeks should make restitution of monies he received from the sale sufficient to satisfy any judgment he receives in the tort action.

30. Further, and alternatively, the surviving corporation after the assert sale, Outland Sports, which is merely a continuation of the old API Outdoors, Inc., should be held to have assumed API Outdoors' liabilities when purchasing its assets in November of 1999.

WHEREFORE, Plaintiff respectfully requests a judgment against Defendants for any amount which API Outdoors is found liable to Plaintiff in <u>API Outdoors I</u>, together with any

other damages, costs, attorneys' fees and other such relief as is warranted, or which is provided under Louisiana statutory or common law.

## COUNT II - UNJUST ENRICHMENT AND CONVERSION

31. Plaintiff re-states and realleges the allegations in Paragraphs 1-30 as if fully set forth herein.

32. API Outdoors and Meeks allegedly received full payment from Outland Sports for API Outdoors' assets.

33. API Outdoors and Meeks had knowledge of Plaintiff's claim in API Outdoors I prior to the sale.

34. API Outdoors and Meeks failed to preserve adequate capital, assets, or funds to pay a judgment rendered in Plaintiff's favor in API Outdoors I, despite knowledge of Plaintiff's claim.

35. Plaintiff and Meeks have no contractual relationship, such that even if a judgment is rendered in Plaintiff's favor in API Outdoors I, Plaintiff may be unable to recover because all funds that should have been allocated to his loss were improperly transferred to Meeks.

36. Further, to the extent that Outland Sports claims entitlement to the API Outdoors assets it allegedly purchased in November of 1999, and refuses to satisfy a judgment rendered in favor of Plaintiff in API Outdoors I out of those assets, Plaintiff may be unable to recover because all funds that should have been allocated to his loss by API Outdoors were improperly transferred to Outland Sports.

37. If a trier of fact determines that the asset sale between API Outdoors and Outland Sports cannot be set aside, then Meeks has been unjustly enriched by receiving payment for assets which may properly belong to Plaintiff.

6

38. Further, if a trier of fact determines that the asset sale between API Outdoors and Outland Sports cannot be set aside, then Meeks and/or Outland Sports have converted assets which may properly belong to Plaintiff.

WHEREFORE, Plaintiff respectfully requests a judgment against Defendants for any amount which API Outdoors is found liable to Plaintiff in <u>API Outdoors I</u>, together with any other damages, costs, attorneys' fees and other such relief as is warranted, or which is provided under Louisiana statutory or common law.

### COUNT III – EXEMPLARY AND/OR PUNITIVE DAMAGES

39. Plaintiff re-states and realleges the allegations in Paragraphs 1-38 as if fully set forth herein.

40. The conduct alleged above by Defendants was undertaken to perpetrate a fraud on Plaintiff and as a means to avoid liability for payment of a judgment rendered in Plaintiff's favor in <u>API Outdoors I</u>.

41. Defendants' actions were of such an egregious nature as to warrant exemplary and/or punitive damages in favor of Plaintiff.

WHEREFORE, Plaintiff respectfully requests a judgment against Defendants for any amount which API Outdoors is found liable to Plaintiff in <u>API Outdoors I</u>, together with any

other damages, costs, attorneys' fees and other such relief as is warranted, or which is provided under Louisiana statutory or common law.

ROSEN & LOVELL, P.C.

BY: _____
PAUL A. ROSEN (P19630)
Attorneys for Plaintiffs
25055 West Twelve Mile, Suite 1000
Southfield, Michigan 48034
(248) 213-2910

DATED: November 20, 2001

## JURY DEMAND

Plaintiff Brian Rajzer, by his undersigned counsel, hereby demands trial by jury in the above-captioned action.

ROSEN & LOVELL, P.C.

BY: _____
PAUL A. ROSEN (P19630)
Attorneys for Plaintiffs
25055 West Twelve Mile, Suite 1000
Southfield, Michigan 48034
(248) 213-2910

DATED: November 20, 2001

**TRUE COPY**

NOV 3 0 2001

Shirley K. Jackson
Van Buren County Clerk

8